UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYNE WINDISCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 4:09 CV 1347 RWS |
| | ) |
| TERRY RUSSELL,[1] | ) |
| | ) |
| Respondent. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before me on a Report and Recommendation that I deny Petitioner Wayne Windisch's writ of habeas corpus under 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge Lewis M. Blanton for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On June 6, 2012, Judge Blanton filed his recommendation that Windisch's habeas petition be denied. Windisch raises two objections to the Report and Recommendation [#11]. I have conduced a *de novo* review of all matters relevant to the petition and address each objection below.

First, Petitioner argues that the trial court violated his First Amendment rights when evidence was introduced at trial that Petitioner possessed pornography. Petitioner argues that the state prosecutor simply proved Petitioner possessed pornography but did not present any evidence showing any connection between the pornography and the crime committed.

At trial, Petitioner did not object to the admission of the evidence and did not raise the

---

[1]Terry Russell is currently the warden at Eastern Reception, Diagnostic and Correctional Center, petitioner's place of incarceration. As a result, Terry Russell should be substituted for Steve Larkins as the party respondent. <u>See</u> Rule 2(a), Rules Governing Section 2254 Case in the United States District Court.

issue in his motion for new trial. Though the issue was not reserved for review by the appellate court on Petitioner's direct appeal, the appellate court reviewed Petitioner's argument for plain error and denied Petitioner's claim.

As the Magistrate Judge indicated, Petitioner may have procedurally defaulted his claim because the Missouri appellate court applied plain error review and there is a split in authority in this circuit about whether plain error review "cures" the procedural default. Shelton v. Purkett, 563 F.3d 404, 408 (8th Cir. 2009). However, assuming I may review Petitioner's claim, "the AEDPA mandates a deferential review of a state court decision." Id. Under the AEDPA,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to

the facts of the particular state prisoner's case." Id.  Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

Here, the appellate court found there was no plain error because Petitioner failed to show a manifest injustice or miscarriage of justice.  The testimony regarding the pornographic magazines was only a reference, the magazines were not described, were not identified by name, and the magazines were not admitted into evidence.  Further, this evidence was not emphasized in closing arguments and the victim's testimony was straightforward and consistent. This determination by the appellate court applying plain error review is not contrary to nor an unreasonable application of Supreme Court precedent.  As a result, Petitioner's argument is without merit and will be denied.

Petitioner also objects to the Magistrate Judge's recommendation that no certificate of appealability be issued.  To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Because Petitioner has not made such a showing in this case, I will not issue a certificate of appealability.

I have carefully conducted a *de novo* review of the entire file, including all matters

relevant to the petition. After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Blanton and will dismiss Petitioner's habeas petition for the reasons stated in the Report and Recommendation dated June 6, 2012.

Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation filed on June 6, 2012 is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** Petitioner Wayne Windisch' Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED that** the Court will not issue a certificate of appealability.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2012.